IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CATHERINE ROBERT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-2150-EFM |
| ) | |
| **BOARD OF COUNTY** ) | |
| **COMMISSIONERS OF BROWN** ) | |
| **COUNTY, KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motions (1) to amend her complaint to add Venice J. Sloan as a defendant in her individual and official capacities (Doc. 55), and (2) to "extend the discovery deadline and pretrial conference" (Doc. 58). For the reasons set forth below, plaintiff's motion to amend shall be GRANTED and her motion to continue discovery shall be GRANTED IN PART and DENIED IN PART.

### Background

Highly summarized, plaintiff alleges that she underwent surgery for severe back and leg pain and was unexpectedly terminated from her position as an "Intensive Supervision Officer" for Brown County on July 31, 2006. Plaintiff contends that defendant Brown

County Board of Commissioners violated (1) the Americans with Disabilities Act, (2) the Family Medical Leave Act, (3) the Employment Retirement Income Security Act, and (4) "her written agreement of employment and [sic] in violation of federal and state law." Plaintiff also asserts a claim under 42 U.S.C. § 1983, alleging that the defendant commissioners Ploeger, Roberts and Leitch, in their individual capacities, violated plaintiff's Equal Protection and Due Process rights.

## Motion to Amend

As noted above, plaintiff moves to amend her complaint to add Venice J. Sloan as a defendant. Doc. 56, p. 1. Specifically, plaintiff seeks to add Ms. Sloan in her official capacity as a Brown County employee for plaintiff's wrongful termination claim and in her individual capacity for plaintiff's § 1983 claim. Defendants oppose the motion, arguing that the amendment would be futile because the two-year statute of limitations for "wrongful termination" and a § 1983 violation has expired and the proposed amendment would not "relate back" under Fed. R. Civ. P. 15(c). Plaintiff counters that her wrongful termination claim is based on a breach of an oral contract (a three-year statute of limitations) and/or a breach of a written contract (a five-year statute of limitations). Plaintiff also argues that the proposed amendment relates back because there exists an "identity of interests" between Ms. Sloan and the previously named defendants. Citing Greenhorn v. Marriott International, Inc., 258 F. Supp. 2d 1249 (D. Kan. 2003)("identity of interest" and relation back recognized where three related business entities shared principal place of business address and same

officers and directors).

Plaintiff was terminated on July 31, 2006; therefore, the three-year statute of limitations for breach of an oral contract (K.S.A. § 60-512) has not expired. Similarly, the five-year statute of limitations for breach of a written contract (K.S.A. § 60-511) has not expired. Accordingly, plaintiff's proposed claim that she was wrongfully terminated in breach of an oral and/or a written contract is not futile.

Plaintiff's proposed § 1983 claim against Ms. Sloan is subject to a two-year statute of limitations and would be futile unless the claim "relates back" under Rule 15(c). Although the parties debate whether the proposed amendment relates back, the court is unable to resolve the issue on the present record. For example, there is no indication whether Sloan received notice of the action within 120 days of the filing of the case and (1) whether she would be prejudiced in defending the merits and (2) whether she knew or should have known that the action would have been brought against her but for a mistake concerning the proper party. Rule 15(c)(1)(C). Equally important, it is not clear whether the relationship between the current defendants and Ms. Sloan rises to the level of an "identity of interests." Under the circumstances, the court is not prepared to rule as a matter of law that the proposed amendment does not relate back to the filing of the original complaint and the amendment is futile.

Defendants also argue that the proposed amendment should be denied because the pleading is ambiguous regarding plaintiff's claims against Sloan because plaintiff generically

refers to "defendants" in Counts I thru IV.[1] Defendants also argue that plaintiff should be required to clarify her 1983 claim by identifying the constitutional provision she asserts.

Plaintiff's complaint is not a model of pleading. However, plaintiff explains that she asserts no claims against Sloan in Counts I thru IV and expresses a willingness to submit a revised amended complaint to this effect if required by the court. However, such a revision is an unnecessary delay and the final pretrial order will make clear that plaintiff's claims against Sloan are limited to (1) wrongful termination based on a breach of contract and (2) a § 1983 claim.[2] Defendants' objection that plaintiff has failed to identify the constitutional provisions is misguided and rejected since the proposed amended complaint indicates that plaintiff asserts a § 1983 claim based on Equal Protection and Due Process violations.

Defendants also argue that plaintiff has not shown good cause for failure to comply with the August 29, 2008 deadline for joining additional parties or amending the complaint. (Doc. 11, filed August 1, 2008). However, the original schedule was disrupted by the parties' agreement to mediation before Judge O'Hara on November 10, 2008, before any depositions had been taken in the case.[3] Equally important, plaintiff argues that she learned for the first time during Sloan's January 9, 2009 deposition that Sloan's new explanation

---

[1] Counts I through IV involve the ADA, the FMLA, and ERISA.

[2] The wrongful termination and § 1983 claims are asserted in Counts VI and VII of the proposed amended complaint.

[3] The mediation was unsuccessful and the case was reassigned to the undersigned judge before a revised scheduling order was entered.

-4-

concerning plaintiff's termination differed from the earlier explanation provided in July 2006. Because the proposed amendment is based on newly discovered evidence and the original case management schedule was interrupted, the court is satisfied that plaintiff has shown good cause for modifying the scheduling order.

Although leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. <u>Panis v. Mission Hills Bank</u>, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing <u>Woolsey v. Marion Labs., Inc.</u>, 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." <u>Koch v. Koch Industries</u>, 127 F.R.D. 206, 209 (D. Kan. 1989). The court is satisfied, under the circumstances, that leave to amend should be granted in this instance.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 55)** is **GRANTED.** Plaintiff shall file and serve her amended complaint within ten days of this order.

**Motion to Extend**

Plaintiff moves to extend the February 2, 2009 discovery deadline to April 1, 2009.[4] Defendants agree to a partial extension to March 3, 2009 to complete certain pending discovery requests but object to extending unlimited discovery to April 1. The parties' arguments are set forth in greater detail below.

Plaintiff argues that she recently surrendered two of her computers to defendants' retained computer forensics firm ("BKD") and is awaiting the results of BKD's search to determine whether any of the recovered documents "will lead to the necessity of requesting additional discovery from defendants."[5] Plaintiff asserts that she *may* need to issue additional discovery requests *to defendants* after completing her review of the documents. Defendant counters that BKD delivered the documents to plaintiff on February 5 and 11 and that plaintiff should be able to screen the documents for privileged materials by March 2, 2009. More importantly, defendants question why plaintiff would be uncertain about the need for additional discovery for documents that have been in her possession.

The court agrees that plaintiff's assertion that discovery should be extended because she *may* need to serve defendants with additional discovery requests concerning *her*

---

[4] Plaintiff also requests that the February 20, 2009 pretrial be continued. The final pretrial conference has been continued by a separate order and that portion of the motion is moot. (Doc. 65, text entry).

[5] Apparently the computer firm will provide copies of any responsive documents to plaintiff for a review of any non-privileged, relevant documents that have not already been provided to defendants.

-6-

*computer records* makes little sense. Plaintiff knows what records are stored in her computer and any discovery requests for defendants concerning her records should have already been served. The court will not extend plaintiff's discovery deadline on the basis of computer records that have been in her possession.[6]

Plaintiff also seeks an extension because "it is possible that additional written discovery may be submitted to Ms. Sloan if her answer [to the amended complaint] produces new issues that have not been disclosed by the existing defendants herein." Doc. 58, p. 2. However, plaintiff previously represented in her motion to add Sloan as a defendant that "no additional discovery would need to be conducted by plaintiff regarding [the claims against Sloan]." Accordingly, the court rejects plaintiff's request for an extension of discovery based on the addition of Sloan as a named defendant.[7]

Finally, plaintiff argues that the recent addition of the three commissioners in their individual capacities warrants an extension of discovery. Defendants do not oppose extending the discovery deadline to allow both parties to complete any discovery served before February 2, 2009 and argue that discovery responses should reasonably be completed by March 3, 2009. The court agrees that March 3, 2009 is a reasonable date for the

---

[6] Plaintiff filed a reply brief on February 25, 2009 stating that she "no longer believes that additional discovery based upon these documents would be necessary."

[7] Buried in plaintiff's reply brief to the motion to amend is the new assertion that plaintiff is reserving her right to conduct additional discovery concerning Sloan. (Doc. 64, p. 9.) This assertion is summarily rejected because it was first raised in plaintiff's reply brief and only mentioned after defendants filed their opposition to her request for an extension of the discovery deadline.

completion of discovery.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of the discovery deadline **(Doc. 55)** is **GRANTED IN PART and DENIED IN PART.** Discovery served prior to February 2, 2009 shall be answered pursuant to the normal rules of civil procedure and, in no event, later than **March 3, 2009.** No other discovery is authorized by the court.[8]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of February 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[8] Although no additional court sanctioned discovery is authorized, the parties may enter into informal agreements concerning additional discovery.