**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CATHERINE ROBERT,**  )  )  **Plaintiff,**  )  )  **v.**  )  )  **BOARD OF COUNTY**  )  **COMMISSIONERS OF BROWN**  )  **COUNTY, KANSAS, et al.,**  )  )  **Defendants.**  )  ) | Case No. 08-2150-EFM |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel production of an e-mail message sent from defendant Venice Sloan on July 19, 2006 to Brown County Counselor Kevin Hill. (Doc. 73). For the reasons set forth below, plaintiff's motion shall be DENIED.[1]

Plaintiff discovered from reviewing Venice Sloan's "planner" that Sloan sent an e-mail message to Kevin Hill on July 19, 2006 and, as noted above, moves to compel that e-mail message. Defendants oppose the motion, arguing that the communication is protected by the attorney-client privilege. More importantly, defendants assert that they have been

---

[1] The nature of this lawsuit is described in detail in a prior opinion and will not be repeated. Memorandum and Order, Doc. 67.

unable to recover the e-mail message and believe that additional search efforts are futile. However, defendants are willing to make Sloan's computer available for a forensic search at plaintiff's expense.

Defendants' inability to produce the e-mail message stems from technical problems with the computers used by Sloan and Hill in July 2006. Hill's electronic files were inadvertently destroyed due to a system malfunction in late 2006 when the hard drive on his computer was irreparably damaged. All files, documents, and e-mails located on his damaged computer were deleted or otherwise destroyed and Hill began using a new computer on January 17, 2007. Consequently, Hill does not have any e-mail message prior to January 2007.

Similarly, Sloan no longer uses the computer she used in July 2006. Her computer was damaged by a virus and a large volume of her e-mail messages (including the July 19, 2006 e-mail) did not transfer to her replacement computer. Sloan has searched both her replacement computer as well as the computer she used in 2006 but has been unable to locate the July 19, 2006 e-mail.

In addition to Sloan and Hill's personal searches, Brown County Information Technology Director Sandra Carter searched Hill and Sloan's computers and was unable to locate the e-mail on either computer. Carter also contacted RainbowTel, Brown County's e-mail provider, and was informed that RainbowTel does not keep copies of any e-mail messages.

Defendants believe additional searches would be futile but are willing to make Sloan's

computer available for a forensic search by a computer expert *at plaintiff's expense.* Plaintiff counters that she does not have "appropriate resources to search defendants' computers in the hopes of finding the e-mail at issue" and asks that the court order defendants to bear the expense of a forensic search by an outside expert.[2] The court declines plaintiff's request to shift the cost of an independent computer expert to defendants.[3] Defendants have conducted reasonable searches, under the circumstances, for the e-mail message and have also made the computer available for further searches *at plaintiff's expense.* The record reveals no evidence of misconduct or bad faith concerning the e-mail message or defendants' search efforts that would justify imposing additional search expenses on defendants. Accordingly, the motion to compel shall be DENIED.[4]

---

[2] Plaintiff's alternative request that the court order defendants to contact their e-mail provider "for the relevant time period" and inquire whether or not *the provider has the July 19, 2006 e-mail* is rejected. Defendants are only obligated to produce documents in *their* possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Plaintiff offers no justification for issuing an order beyond the general provisions of Rule 34.

[3] The cost of a search is not insignificant. Defendant secured an estimate of $1,500 to $2,500 per computer from BKD, a forensic computer service.

[4] Because the e-mail message cannot be located, the court finds it unnecessary to address defendants' arguments that the e-mail message is protected by the attorney-client privilege and that the motion is untimely.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 73)** is **DENIED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 14th day of May 2009.

                                                S/ Karen M. Humphreys
                                                _____
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge